IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RICHARD GARY MCBRAYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-641-A |
| | § | |
| CITY OF FORT WORTH, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now pending in the above-captioned action is the motion to dismiss filed by defendant B. Banes ("Banes"), to which plaintiff did not respond. Having considered the motion, plaintiff's complaint, and applicable authorities, the court concludes that Banes's motion to dismiss should be granted.

I.

### Nature of the Action

Plaintiff instituted this action by a complaint pursuant to 42 U.S.C. § 1983 filed on October 23, 2008, against City of Fort Worth ("City"), Banes, and officer Honea of the Fort Worth Police

Department.[1] Where asked to identify the acts or omissions of each defendant that caused harm, plaintiff states that Banes

> failed as a training officer to supervise the trainee Honea, N.B. to insure plaintiff's rights were not violated.

Pl.'s Compl. at 3. Under the heading "Statement of Claim," plaintiff alleges that:

> On 10-31-06 plaintiff was the passenger in a vehicle that was failing to yield to the defendants (Fort Worth Police Dept). During said chase plaintiff jumped out of the vehicle and ran up the stairs of a vacant building. At this time defendant (trainee-Honea) appeared from the side of the building and shined his flashlight up and into the plaintiff's eyes. At this time the plaintiff raised his arms in the air to surrender. Defendant (trainee-Honea) gave an order for plaintiff to drop the gun over the rail. Plaintiff lowered his arm to drop the gun, at which time defendant (trainee-Honea) shot plaintiff. In the process of dropping the gun over rail as told plaintiff was spun around at which time (trainee-Honea) shot plaintiff in the back.

Id. at 4. Although plaintiff names Banes as a defendant he does not specify if Banes is sued in his individual or official capacity. By the prayer of the complaint, plaintiff seeks compensatory and punitive damages.

---

[1] Plaintiff initially named as a defendant the Fort Worth Police Department ("FWPD"). By order signed October 30, 2008, the court substituted City as defendant in place of the FWPD.

II.

## Grounds of the Motion

Banes maintains that plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted because he has failed to allege sufficient facts to establish Banes's supervisory liability, and because any official capacity claims against Banes are equivalent to an action against City.

III.

## Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007) (stating that the Conley "no set of facts"

3

statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

IV.

Analysis

A. Individual Capacity Claims

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005)(internal citations omitted). To establish liability against a supervisor under § 1983, a plaintiff must show that: (1) the supervisor failed to supervise or train the subordinate; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights. Id. (citing City of Canton v. Harris, 489 U.S. 378 (1989)); see also Polk County v. Dodson, 454 U.S. 312, 325-26 (1981)(section 1983 will not support a claim based on a theory of respondent superior).

Even accepting all well-pleaded facts in the complaint as true, and viewing them in the light most favorable to plaintiff, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Here, plaintiff alleges no facts regarding Banes, but states only that Banes "failed as a training officer to supervise the trainee Honea, N.B. to insure

5

plaintiff's rights were not violated." This single conclusory allegation, absent any factual support, fails to state a claim against Banes.

B. Official Capacity Claims

The court agrees with Banes that the claims against him in his official capacity are redundant inasmuch as they are deemed to be claims against City. See Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Therefore, the court is treating all claims plaintiff has asserted against Banes in his official capacity to be claims against City. Accordingly, the dismissal of the claims against him in his individual capacity constitutes a dismissal of all claims asserted against Banes in this action.

V.

Order

For the reasons stated herein,

The court ORDERS that the motion of Banes to dismiss be, and is hereby, granted.

The court determines that there is no just reason for delay

in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED February 4, 2009.

_____
JOHN McBRYDE
United States District Judge