

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 5 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| RICHARD GARY MCBRAYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-641-A |
| | § | |
| CITY OF FORT WORTH, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motions for summary judgment filed by defendants[1], Officer N.B. Honea ("Honea") and City of Fort Worth ("City")[2], as to all claims filed against it by plaintiff, Richard Gary McBrayer. Although the court granted plaintiff's request for additional time, plaintiff filed nothing in response to defendants' motions. Having considered the motions, the summary judgment record, and pertinent legal authorities, the court concludes that the motions should be granted.

---

[1]Plaintiff also named as a defendant Officer B. Banes. The court granted Banes's motion to dismiss on February 4, 2009.

[2]Plaintiff originally named as defendant the Fort Worth Police Department. By order signed October 30, 2008, the court substituted City as the proper defendant.

I.

## Plaintiff's Claims

Plaintiff initiated this action through the filing of his original complaint on October 23, 2008, pursuant to 42 U.S.C. § 1983, alleging that City failed to properly train and supervise Honea, and that Honea "used excessive force by shooting plaintiff in the back," in violation of his Fourth Amendment rights. Compl. at 3. Plaintiff seeks compensatory and punitive damages.

II.

## The Motion for Summary Judgment

Both defendants contend that they are entitled to summary judgment because plaintiff's claims are barred under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). Honea additionally seeks summary judgment because he claims entitlement to qualified immunity as to plaintiff's Fourth Amendment claim. City moves for summary judgment on the additional grounds that: plaintiff cannot demonstrate that it had a policy or custom that caused a deprivation of his constitutional rights; its training policy is adequate; and it is entitled to sovereign immunity.

III.

## Undisputed Facts

The following facts are undisputed in the summary judgment

record:

On October 31, 2006, Honea, who at the time was a probationary officer, and Officer Pierce ("Pierce"), his field training officer, both employed by the Fort Worth Police Department, were on routine patrol in a marked police vehicle in north Fort Worth. At approximately 3:00 a.m., as they approached a stop sign, a black Mercedes also approaching the intersection came to a stop, although no stop sign faced its direction of travel. Honea became suspicious due to the vehicle's actions and proceeded to run a check of the Mercedes's license plate while also starting to follow the vehicle. As the Mercedes accelerated, Honea gave chase, activating his lights and siren. Rather than yielding to the police car, the Mercedes drove at a high rate of speed through a residential area, with the police car in pursuit. Both cars became disabled after hitting a sharp dip in an intersection.

After the Mercedes stopped, its occupants fled on foot. Honea later learned that plaintiff was one of the occupants; the other occupant is not a party to this action. After learning from a witness the direction the car's occupants ran, Honea and Pierce chased them down a dark alley, using a flashlight for illumination. Honea heard footsteps going up the stairs of an

3

apartment house. Shining his flashlight onto the balcony above him, he observed plaintiff holding a handgun down by his side.

Honea pointed his service weapon at plaintiff and ordered him to drop his gun. Rather than comply with the order, plaintiff turned toward Honea and began to raise his weapon in Honea's direction. Believing plaintiff was preparing to shoot him, Honea fired his weapon at plaintiff, who sustained two gunshot wounds and collapsed onto the floor of the balcony. Plaintiff was arrested and indicted for aggravated assault against a public servant with a deadly weapon[3], to which he later pleaded guilty and received a sentence of fifteen years' imprisonment.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or

---

[3]Plaintiff was also indicted for unlawful possession of a weapon by a felon.

more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

A.   Plaintiff's Claims Against Honea

"Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999). Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, before reaching the issue of qualified immunity, the court must decide whether plaintiff has stated a claim for a violation of a constitutional right. Sappington v. Bartee, 195 F.3d 234, 236 (5th Cir. 1999). If plaintiff has "failed to state or otherwise to establish a [constitutional] claim," dismissal of his claims against Honea is warranted on that basis. Id. at 236 (quoting Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995)). Honea argues that the Supreme Court's ruling in Heck bars plaintiff's claim of excessive force, thus precluding him from stating a constitutional violation.

In 1994, the United States Supreme Court stated that for a

6

plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254.

Heck, 512 U.S. at 486-87 (footnote omitted). Thus, the Court

"unequivocally held that unless an authorized tribunal or

executive body has overturned or otherwise invalidated the

plaintiff's conviction, his claim 'is not cognizable under [§]

1983.'" Randell v. Johnson, 227 F.3d 300, 301 (5th Cir.

2000)(quoting Heck, 512 U.S. at 487)).

The Fifth Circuit has since held that, "based on Heck, an

excessive force claim under section 1983 is barred as a matter of

law if brought by an individual convicted of aggravated assault

related to the same events." Hainze v. Richards, 207 F.3d 795,

798 (5th Cir. 2000)(discussing Sappington). This is the exact

scenario now before the court. Here, plaintiff was arrested and

indicted for aggravated assault with a firearm on a public

servant. Plaintiff pleaded guilty to this charge and was

sentenced to fifteen years' imprisonment. Plaintiff's § 1983

claim of excessive force arises from, and is related to, the

arrest leading to his indictment and conviction for aggravated assault. Accordingly, plaintiff's § 1983 claims against Honea are barred by Heck. See id.; see also Sappington, 195 F.3d at 237.

B.    Plaintiff's Claims Against City

Plaintiff brings claims against City for failure to properly train and supervise Honea. City provides no clear authority holding that claims against a municipality under § 1983 for failure to train or supervise are necessarily barred by Heck. Nevertheless, the court concludes that summary judgment is proper on plaintiff's claims against City.

A municipality may be held liable under § 1983 for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy or custom. See Monell v. Dep't of Soc. Serv. of New York, 436 U.S. 658, 694 (1978). Stated differently, "official policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981)(internal quotation marks and citations omitted). Further, the "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City

of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Thus, to prevail against City, plaintiff must show (1) a violation of his rights resulting from (2) a municipal custom or policy of (3) deliberate indifference to his rights. Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).

City's motion discusses at length that plaintiff cannot point to any written policy or custom that resulted in an alleged deprivation of his constitutional rights. While City is likely correct, the court concludes that it need not reach that issue. Because the court has already determined that plaintiff has failed to show a violation of any constitutional right, plaintiff's claims against City must fail. Olabisiomotosho v. City of Houston, 185 F.3d 521, 529 (5th Cir. 1999).

VI.

Order

Therefore,

For the reasons stated herein,

The court ORDERS that the motions for summary judgment of Honea and City be, and are hereby, granted, and that all claims and causes of action asserted by plaintiff, Richard Gary McBrayer, against defendants be, and are hereby, dismissed with

prejudice.

SIGNED October 5, 2009.

_____
JOHN McBRYDE
United States District Judge